UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON P. ROSE,

                 Plaintiff,

- against -

JO ANNE B. BARNHART, as
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

OPINION AND ORDER

01 Civ. 1645 (KMW) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. Introduction

Josephine Gottesman, attorney for the plaintiff, Leon P. Rose, has submitted a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). In 2002, Rose appealed the denial of his application for Social Security disability benefits to the District Court. Memorandum of Law in Further Support of Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Pl. Mem.") at 1. The Court granted Rose's motion for remand to the Social Security Administration ("SSA") for further proceedings. Pl. Mem. at 1. Rose petitioned for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2421(d)(1)(A), which the Court granted. Pl. Mem. at 1. On remand, Rose won an award of past-due Social Security disability benefits. Pl. Mem. at 1. Gottesman now seeks fees for her work before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). For the reasons that follow, the § 406(b)(1) fee petition is **DENIED**.

## II. Background

There are three ways for attorneys of prevailing parties to recover fees in social security

cases. *See* **Brannen v. Barnhart**, 2004 WL 1737443, *2-3 (E.D.Tex. July 22, 2004). First, 42 U.S.C. § 406(a) allows attorneys to obtain fees from the SSA for work at the administrative level. **Id.** at *2. Second, 42 U.S.C. § 406(b) allows attorneys to obtain fees from the district courts for work before the court. **Id.** The money for these fees, in both instances, comes out of the plaintiff's reward of past-due benefits. **Id.** Third, the EAJA allows attorneys to obtain a reward of fees paid by the government if the agency's position was not "substantially justified" or under other special circumstances. 28 U.S.C. § 2421(d)(1)(A). The intent of the EAJA award is to penalize the agency for taking unjustified legal positions. **Brannen**, 2004 WL 1737443 at *2 (*quoting* **Orner v. Shalala**, 30 F.3d 1307, 1309 (10th Cir. 1994)). While these potential awards are separate and do not limit each other, attorneys are not allowed double recovery and must give their clients whichever award is less. **Id.** As the Supreme Court noted in **Gisbrecht v. Barnhart**, 535 U.S. 789, 796 (2002), allowing for EAJA awards in addition to § 406(a) or (b) awards ultimately increases the plaintiff's recovery.

There has been extensive litigation interpreting how these statutes interact with each other and with attorney-client fee agreements. The Supreme Court recently upheld 42 U.S.C. § 406, holding that the statute, which limits attorney's fees in social security cases to 25% of past-due benefits, does not override contingent fee agreements, but "instructs courts to review for reasonableness fees yielded by those agreements." **Gisbrecht**, 535 U.S. at 808-09.

Courts have also had to determine when plaintiffs whose cases have been litigated within both the administration and the courts are considered "prevailing" for the purposes of fee awards. After many years of confusion in the case law, the Supreme Court has resolved some of the outstanding issues. For example, in **Shalala v. Schaefer**, 509 U.S. 292 (1993), the Court

clarified the distinction between remands in social security cases made pursuant to sentence four and those made pursuant to sentence six of the same provision. The difference is critical for fee petitions because the Court determined that remands pursuant to sentence four are final judgments, whereas courts retain jurisdiction when remanding pursuant to sentence six. **Id.** at 297. The Court established that plaintiffs who obtained remands pursuant to sentence four had final judgments and therefore could be considered "prevailing parties" for the purposes of their attorneys' EAJA fee petitions. **Id.** at 300-02.

Since **Schaefer**, courts have granted § 406(b) fee petitions like the one at issue here, in which the district court remanded for further proceedings. *See, e.g.,* **Brannen**, 2004 WL 1737443, *3; **Claypool v. Barnhart**, 294 F. Supp. 2d 829 (S.D.W.Va. 2003); **Boyd v. Barnhart**, 2002 WL 32096590 (E.D.N.Y. Oct. 24, 2002). However, few of these cases have closely analyzed the statutory language. A close reading of the statute reveals that, in fact, fee petitions like this one are not provided for.

The SSA fee provisions require, not a "prevailing party" as in the EAJA, but a "judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The statute also requires that the fee award be "part of [the court's] judgment." **Id**. Finally, the statute mandates that the fee may not be in excess of 25% of the total of past-due benefits "to which the claimant is entitled *by reason* of such judgment." **Id** (emphasis added). Although a remand for further proceedings, such as this one, is a final judgment after **Schaefer**, no fee award is part of the judgment, and any recovery of benefits at the administrative level is not "by reason" of the court's judgment.

One case has engaged in an extensive analysis of the law and subsequently denied a similar § 406(b) petition. In **McGraw v. Barnhart**, 370 F. Supp. 2d 1141 (N.D. Okla. 2005), the

3

court made a distinction between sentence four remands for further proceedings and remands for an entry of benefits.  **Id.** at 1143-45, 1150.  If the remand is for further proceedings, the judgment of the court does qualify as a "favorable" judgment as required by the first clause of § 406(b)(1)(A), but even when past-due benefits are ultimately obtained, those benefits are "too attenuated from the original order of the Court to be considered an award of benefits by reason of this Court's judgment" as required by the second clause of that section of the statute.  **Id.** at 1144.  A remand from the court for an entry of benefits, on the other hand, would fit the requirements of the statute.  **Id.** at 1150 (noting that in **Gisbrecht**, the Supreme Court granted the writ certiorari in three cases in which the district court had remanded for an entry of benefits but denied the writ of certiorari in the one case in which the district court had remanded for further proceedings).  According to **McGraw**, no § 406(b) fee petitions should be granted in social security cases appealed to the district court and remanded for further proceedings, even if the plaintiff ultimately wins at the administrative level.  Despite this perhaps anomalous result, this is the logical outcome of the statute's language.

The **McGraw** court analyzed a long history of cases which either explicitly find the other way or would seem to support that position.  **Id.** at 1145-52.  The court found that in the majority of cases awarding § 406(b) fee petitions in cases in which the court remanded for further proceedings, there was little, if any, attention to the language of the statute.  **Id.** at 1156.  The court also found that, in older cases, the logic behind the decisions to grant such fee petitions no longer holds true given changes in the law, namely the availability of EAJA fee awards.  **Id.** at 1146.  For example, in **Conner v. Gardner**, 381 F.2d 497 (4th Cir. 1967), the Fourth Circuit analyzed the language of § 406(b) and came to a similar conclusion as this court and **McGraw**,

4

but for public policy reasons decided to import a broader interpretation into the statute. **Id.** at 500. The **Conner** court argued that if the statute were interpreted as outlined here, "there would be a serious hiatus in the Social Security law which would work to the ultimate detriment of those seeking disability benefits." **Id.** As the **McGraw** court pointed out, this is no longer the case, as EAJA fees area available to fill the gap, 370 F. Supp. 2d at 1146, provided the plaintiff qualifies in that the SSA took a position in the case that was not substantially justified. *See* 28 U.S.C. § 2421(d)(1)(A).

Finally, any apparent injustice can easily be prevented if attorneys in social security cases enter into fee agreements with their clients. The Court's caution in this area is certainly merited, as "there is no party in this proceeding motivated to argue that the statute does not permit an award of attorney's fees. The only party that has a real interest in asserting that the statute does not permit an award of fees is the claimant, who is not an attorney and is not before the Court." **McGraw**, 370 F. Supp. 2d at 1153. Accordingly, Rose's fee petition is **DENIED**.

**SO ORDERED this 16th day of September 2005**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge