UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON P. ROSE, | |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | 01 Civ. 1645 (KMW) (RLE) |
| JO ANNE B. BARNHART, as COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Counsel for the plaintiff Leon P. Rose submitted a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), after the Court granted Rose's motion for remand to the Social Security Administration for further proceedings, and Rose won an award of past-due Social Security disability benefits on remand. This Court had already granted counsel's fee award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2421(d)(1)(A). This Court denied counsel's § 406(b)(1) fee petition. *See* Opinion and Order, September 16, 2005 ("Sept. 16 Order"). Counsel now moves for reconsideration and reargument pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 6.3. For the reasons that follow, the motion is **DENIED**.

## II. STANDARD FOR RECONSIDERATION AND REARGUMENT

A party may move for reconsideration of an order on the basis of "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). Local Rule 6.3 specifies that the party must outline "the matters or controlling decisions which counsel believes the court has overlooked."

Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### III. DISCUSSION

Counsel argues that the Court relied on non-binding authority from other jurisdictions, while overlooking binding law. Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and Reargument ("Pl. Mem.") at 2. Counsel does not point, however, to any cases the Court overlooked, or any cases which are, in fact, binding. Counsel describes **Boyd v. Barnhart**, 2002 WL 32096590 (E.D.N.Y. Oct. 24, 2002), as "absolutely binding on this Court," arguing that "It is not . . . for this Court to construe legislative intent or statutory language in determining the underlying motion for attorney fees, as this issue is not before the Court." Pl. Mem. at 3.

A case from the Eastern District of New York, or the Southern District for that matter, is not binding on this Court. The fact remains that there is no controlling Second Circuit case law on the availability of § 406(b)(1) fee petitions in cases in which the district court remanded for further proceedings. There is also no controlling Supreme Court case law on the issue. Counsel points to **Shalala v. Schaefer**, 509 U.S. 292 (1993), Pl. Mem. at 4, which the Court did consider. Sept. 16 Order at 2-3. However, **Schaefer** established that plaintiffs who obtained remands

2

pursuant to sentence four had final judgments, and therefore could be considered "prevailing parties" for the purposes of their attorneys' EAJA fee petitions. 509 U.S. at 300-02. The **Schaefer** Court did not consider the language of § 406(b)(1), as no fee petition pursuant to the Social Security Act was at issue in that case. With no binding precedent, it is precisely the Court's role to "construe legislative intent or statutory language." Pl. Mem. at 3. This Court's Sept. 16 Order did refer to cases outside this jurisdiction to aid in this analysis. As counsel points out, these cases are "merely instructive." **Id**.

Counsel's additional arguments are without merit as they do not point to any "controlling decisions or factual matters that were put before [the Court] on the underlying motion" and which the Court overlooked. **Shamis**, 187 F.R.D. at 151. In light of the foregoing, Rose's motion for reconsideration and reargument is **DENIED**.

**SO ORDERED this 12th day of October 2005**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge