UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

LEON P. ROSE,                                    :

                        Plaintiff,               :

                                                 :        **OPINION & ORDER**

        - against -                              :

                                                 :        **01 Civ. 1645 (KMW) (RLE)**

JO ANNE B. BARNHART, as                          :
COMMISSIONER OF SOCIAL SECURITY,                 :

                                                 :

                        Defendant.               :

------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Josephine Gottesman, attorney for the plaintiff, Leon P. Rose, and Michael Garcia,

United States Attorney for the Southern District of New York, have submitted a joint petition

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of this Court's

previous orders denying attorney's fees pursuant to 42 U.S.C. § 406(b)(1).  In 2001, Rose

appealed the denial of his application for Social Security disability benefits to the District Court.

Memorandum of Law in Support of the Parties' Joint Motion for Reargument and

Reconsideration Pursuant to Rule 60(b) ("Mem."), Exh. 1 at 2.  The Court granted Rose's motion

for remand to the Social Security Administration ("SSA") for further proceedings.  Mem. at 2-3.

Rose petitioned for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2421(d)(1)(A), which the Court granted.  Mem. at 3.  On remand, Rose won an award of past-

due Social Security disability benefits.  **Id**.  Gottesman then filed a petition for fees for her work

before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), which the Court

denied.  After Gottesman filed a motion for reconsideration pursuant to Rule 60(b), which was

also denied, she filed a notice of appeal.  The parties stipulated to a withdrawal of the appeal for

the purpose of making a joint motion to this Court, pursuant to Rule 60(b), to vacate the decision

denying plaintiff's motion for § 406(b)(1) fees.  For the reasons that follow, the Rule 60(b)

motion is **GRANTED**.

## II.  DISCUSSION

### A.  The Legal Standard

A party may make a "motion for relief from the judgment" under Federal Rule of Civil

Procedure 60(b).  **Hodge ex rel. Skiff v. Hodge**, 269 F.3d 155, 158 (2d Cir. 2001).  Rule 60(b)

provides that "the court may relieve a party or a party's legal representative from a final

judgment, order or proceeding" because of " mistake, inadvertence, surprise, or excusable

neglect."  FED. R. CIV. P. 60(b)(1).  Since the language of Rule 60(b) uses may, as opposed to

shall, "[i]t is within the court's broad discretion to grant relief" under the rule.  **Badian v.**

**Brandaid Communications Corp.**, 2005 WL 1083807, *2 (S.D.N.Y. May 9, 2005) (*quoting*

**Mazzone v. Stamler**, 157 F.R.D. 212, 214 (S.D.N.Y. 1994)).  While Rule 60(b) is not meant to

act as "a substitute for appeal," it does "encompass judicial mistake in applying the appropriate

law."  **Badian**, 2005 WL 1083807, *2 (*quoting* **Oliver v. Home Indemnity Co.**, 470 F.2d 329,

330 (5th Cir. 1972)).  "Relief . . . is also appropriate where a court may have overlooked certain

parties' arguments or evidence in the record."  **Id**.  A Rule 60(b) motion "should be broadly

construed to do substantial justice, yet final judgments should not be lightly reopened."

**Nemaizer v. Baker**, 793 F.2d 58, 61 (2d Cir. 1986) (citations and quotations omitted).

### B.  Background

There are three ways for attorneys of prevailing parties to recover fees in social security

2

cases.  **See Brannen v. Barnhart**, 2004 WL 1737443, *2-3 (E.D.Tex. July 22, 2004).  First, 42 U.S.C. § 406(a) allows attorneys to obtain fees from the SSA for work at the administrative level.  **Id**. at *2.  Second, 42 U.S.C. § 406(b) allows attorneys to obtain fees from the district courts for work before the court.  **Id**.  The money for these fees, in both instances, comes out of the plaintiff's reward of past-due benefits.  **Id**.  Third, the EAJA allows attorneys to obtain a reward of fees paid by the government if the agency's position was not "substantially justified" or under other special circumstances.  28 U.S.C. § 2421(d)(1)(A).  The intent of the EAJA award is to penalize the agency for taking unjustified legal positions.  **Brannen**, 2004 WL 1737443 at *2 (**citing Orner v. Shalala**, 30 F.3d 1307, 1309 (10th Cir. 1994)).  While these potential awards are separate and do not limit each other, attorneys are not allowed double recovery, and must give their clients whichever award is less.  **Id**.

There are also two distinct ways social security cases may be remanded.  In **Shalala v. Schaefer**, 509 U.S. 292 (1993), the Court clarified the distinction between remands in social security cases made pursuant to sentence four and those made pursuant to sentence six of the same provision.  Remands pursuant to sentence four are final judgments, whereas courts retain jurisdiction when remanding pursuant to sentence six.  **Id**. at 297.  The Court established that plaintiffs who obtained remands pursuant to sentence four had final judgments and therefore could be considered "prevailing parties" for the purposes of their attorneys' EAJA fee petitions.  **Id**. at 300-02.

**C.  Previous Statutory Analysis**

In the previous ruling, this Court found that, based on statutory analysis, § 406(b)(1) fees are not available when a case is remanded pursuant to sentence four.  Under a literal reading of

the statute, the SSA provisions contain three requirements for awarding fees: 1) a "judgment favorable to the claimant"; 2) that the fee award be "part of [the court's] judgment"; and 3) that the fee may not exceed 25% of the total of past-due benefits "to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  This Court reasoned that, while a remand for further proceedings pursuant to sentence four is a final judgment after **Schaefer**, the other two requirements were not fulfilled in a sentence four remand.  First, a remand from the district court for further proceedings at the administrative level would not contain a fee award because the determination as to benefits would still be unresolved.  Second, were the claimant to ultimately be awarded benefits on remand, such recovery would not be "by reason" of the court's judgment.  This reasoning, based on the text of the SSA provision, led this Court to determine that § 406(b) fee petitions were not available when the remand was pursuant to sentence four.

**D.  Consideration of McGraw v. Barnhart**

While there was no governing precedent, this Court did consider the extensive analysis conducted by the court in **McGraw v. Barnhart**, 370 F. Supp. 2d 1141 (N.D. Okla. 2005).  In **McGraw**, the district court also reached the determination that fee petitions were not available when a case was remanded pursuant to sentence four.  **Id**. at 1143-45, 1150.  However, after this Court issued its decision, the Tenth Circuit overruled the district court's decision in **McGraw**, finding that the SSA provisions permitted an award of attorney's fees pursuant to a remand for further proceedings and an ultimate administrative decision in favor of the claimant.  **McGraw v. Barnhart**, 450 F.3d 493, 503 (10th Cir. 2006).  Finding that the text of the statute could be read narrowly or broadly, the panel turned to the legislative history of § 406(b) to aid in its analysis.  **Id**. at 500.  The court determined that Congress's goal was to encourage attorneys to represent

4

claimants in SSA proceedings, and this tended "to indicate that the broader reading of

§ 406(b)(1) is the more appropriate reading."  **Id**.  Based on the legislative history, and purpose,

as found by the court, the Tenth Circuit found that 406(b) permitted fee petitions when cases

were remanded pursuant to sentence four.  **Id**. at 503.

**E.  Wells Not Controlling, but Suggests Use of Legislative History**

In their motion for reconsideration, the parties assert that **Wells v. Bowen**, 855 F.2d 37

(2d Cir. 1988), establishes that the law of the Second Circuit is that fees are available where a

case is remanded for further review and, upon remand, the claimant receives past-due benefits.

Mem. at 7.  This Court does not find **Wells** controlling for two reasons.  First, in **Wells**, the

Second Circuit was not addressing the question of whether 406(b) fees are available on remand,

but rather whether an attorney could petition for fees under both the EAJA and SSA.  855 F.2d at

41.  Therefore, there was no discussion of the availability of fees under the SSA provisions when

a case is remanded, which the parties acknowledge in their motion.  Mem. at 7.  Second, the

court's decision in **Wells** preceded the Supreme Court's ruling in **Shalala v. Schaefer**, which

clarified the distinction between remands in social security cases made pursuant to sentence four

and those made pursuant to sentence six of the provision, and made clear that a sentence four

remand was a final judgment.

The Court is persuaded, however, that the decision in **Wells** is instructive in its use of

legislative history to analyze the interplay between the EAJA and the SSA.  In determining

whether the EAJA was intended to augment or supplant the fee provisions of the SSA, the

Second Circuit cited to legislative history which demonstrated that Congress had not intended for

the EAJA to limit, or otherwise affect, any other fee provision.  **Wells**, 855 F.2d at 42.  While

this Court believes that the statutory language of § 406(b) supports a finding precluding fee petitions on sentence four remands, upon reconsideration, it appears appropriate, based upon **Wells**, to give more weight to the legislative history and intent of Congress in interpreting the provision.

## F.  Impact of  Legislative History and Intent

In looking to the legislative history and congressional intent behind the SSA, this Court does find that there is support for a broader interpretation of § 406(b), such that it would allow for fee petitions to be granted in social security cases remanded for further proceedings, that is, under a sentence four remand.  While the legislative history is scant, as acknowledged by the Tenth Circuit in **McGraw**, it does indicate that Congress was attempting to address two potential issues through § 406(b).  ***See* McGraw**, 450 F.3d at 499-500; S. REP. NO. 89-404 (1965), ***reprinted in*** 1965 U.S.C.C.A.N.1943, 2062.  First, Congress was concerned about attorneys charging "inordinately large fees for representing claimants," typically resulting from contingency fee arrangements entitling attorneys to one third to one half of the past benefits received.  S. REP. NO. 89-404 (1965), ***reprinted in*** 1965 U.S.C.C.A.N.1943, 2062.   Second, Congress wanted to ensure that attorneys representing claimants were able to easily collect their fees.  **Id**.  With these concerns in mind, Congress capped the reasonable fee available to attorneys at twenty-five percent of the past benefits received, and permitted the Secretary to certify the fee to the attorney directly out of the amount of the accrued benefits.  **Id**.  This legislative history does not speak directly to the issue of whether fee petitions are permitted on sentence four remands.  However, permitting direct payment of fees by the Secretary to attorneys does demonstrate a congressional desire to promote and facilitate representation of social security

claimants.  Analyzing the statute through the lens of this legislative history supports a broad construction of § 406(b), and one which would permit § 406(b) fee petitions after sentence four remand.  Therefore, this Court finds, upon reconsideration and in light of the relevant legislative history, that § 406(b) permits attorneys to petition for fees after a case has been remanded for further proceedings under sentence four of the provision, and the claimant is subsequently awarded past benefits at the administrative level.[1]  This holding is in line with the Second Circuit's consideration of legislative history in its analysis of the SSA fee provisions in **Wells v. Bowen**, 855 F.2d 37 (2d Cir. 1988), as well as other circuit courts' treatment of fee petitions after sentence four remands.  *See* **Bergen v. Commissioner of Social Security**, 454 F.3d 1273 (11th Cir. 2006); **McGraw v. Barnhart**, 450 F.3d 493 (10th Cir. 2006); **Rohrich v. Bowen**, 796 F.2d 1030 (8th Cir. 1986); **Philpott v. Gardner**, 403 F.2d 774 (6th Cir. 1968); **Conner v. Gardner**, 381 F.2d 497 (4th Cir. 1967).

## III.  CONCLUSION

For the foregoing reasons, the parties joint motion for reconsideration pursuant to Rule 60(b), to vacate the decision denying plaintiff's motion for § 406(b)(1) fees is **GRANTED**, and the plaintiff's motion for § 406(b)(1) fees is also **GRANTED**.

---

[1]The Court notes, without deciding, that this case raises certain procedural issues about when and how attorneys can petition for, and district courts can order, § 406(b)(1) fee awards.  While courts have used various methods to justify relief, *see, e.g.,* **Bergen v. Comm'r of Soc. Sec.**, 444 F.3d 1281, 1283 (11th Cir. 2006) (finding that Rule 54(d)(2), with its time limits, does not apply literally); **Outlaw v. Chater**, 921 F. Supp. 13, 18 (D.D.C. 1996) (issuing a conditional ruling), it appears, at first blush, that the Tenth Circuit's treatment of the issue in **McGraw** is procedurally the most valid.  450 F.3d at 504-05.  The Tenth Circuit considered options articulated by other courts less desirable, and instead suggested that attorneys might seek fee awards under Federal Rule of Civil Procedure 60(b)(6), the catch-all provision for relief from a final judgment.  **Id**. at 505.  Based on the language, the use of 60(b)(6), or even 60(b)(2), permitting relief from a final judgment based on newly discovered evidence which could not have been discovered prior to final judgment, could be relied on in seeking § 406(b)(1) fee awards.

SO ORDERED this 14th day of February 2007
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge